IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MCDONALD APIARY, LLC, a Nebraska Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>STARRH BEES, INC., a California Corporation; DALE ASHLEY, ANNE ASHLEY, AND JONATHAN GONZALEZ,<br><br>Defendants. | 8:14CV351<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff McDonald Apiary, L.L.C.'s ("McDonald Apiary") Motion for Protective Order, ([Filing No. 72](Filing No. 72)). For the reasons set forth below, the motion will be granted in part and denied in part.

BACKGROUND

McDonald Apiary is a beekeeping and honey production business located in western Nebraska. Defendant Starrh Bees, Inc. ("Starrh Bees"), located in Shafter, California, is also in the beekeeping and honey production business. While Starrh Bees and McDonald Apiary are competitors, they also recently engaged in a collective business venture based on an oral contract, whereby McDonald Apiary agreed to place approximately 6,000 of Starrh Bees' hives in Oklahoma and Nebraska. The parties apparently determined how the expenses, labor, and profits from the sale of honey were to be divided. McDonald Apiary gave Starrh Bees access to information which described the location of the beehives so Starr Bees could maintain and care for the bees and land.

McDonald Apiary alleges Starrh Bees breached their agreement and otherwise impeded the business venture in a number of ways. Starrh Bees moved to dismiss

McDonald Apiary's initial complaint under Fed. R. Civ. P. 12(b)(6). The Hon. John M. Gerrard dismissed some claims, but he allowed the claims based on alleged violations of the Nebraska Trade Secrets Act, among others, to survive, finding McDonald Apiary's complaint sufficiently pled the necessary facts to overcome a motion to dismiss. (Filing No. 40). McDonald Apiary's operative complaint asserts 12 claims including, but not limited to, theft of trade secrets; breach of contract; tortious interference with business relationships and expectancies; fraud; and unlawful restraint of trade. (Filing No. 59). Starrh Bees filed its answer and asserted several counterclaims, including breach of contract and misrepresentation. (Filing No. 61).

The parties began discovery. Starrh Bees' written discovery requests information related to McDonald Apiary's tracking of hive locations, any global positioning system information, bank account records, copies of all documents and information McDonald Apiary alleges are "trade secrets" for the purposes of its complaint, and copies of all contracts between McDonald Apiary "and any other person or entity related to the production of honey for the years 2012, 2013, and 2014."

The parties agree that if the requested information is otherwise discoverable, it should be produced subject to a protective order. However, McDonald Apiary asserts some of the documents and information should be subject to an Attorney's Eyes Only ("AEO") provision in the protective order. That is, McDonald Apiary seeks to prevent any owners or employees of Starrh Bees from reviewing certain categories of documents. Starrh Bees disagrees, arguing its clients must have access to the information in order to properly defend its case. Each party has submitted a proposed protective order for the court to consider.

The undersigned magistrate judge conducted a conference call on the matter prior to the Plaintiff filing its formal motion. The court was unable to assist in resolving the

issue without formal motion practice. Plaintiff filed its motion for protective order shortly thereafter.

ANALYSIS

The parties cannot agree on the level of confidentiality that should be available to protect against the misuse of discovery by a non-producing party; that is, McDonald Apiary requests a protective order that allows production pursuant to an AEO designation, while Starrh Bees demands unfettered client access to all documents produced by McDonald Apiary.[1]

This court recently addressed the purpose and standard for an AEO designation in [Bussing v. COR Clearing, LLC, no. 8:12cv238, 2015 WL 4077993 (D. Neb. July 6, 2015)](#).

> The court may enter a protective order which permits certain discovery to be seen by only counsel. An "attorneys eyes only" protective order prevents a party from viewing the opposing party's sensitive business information while allowing the parties' lawyers to litigate on the basis of that information. Paycom Payroll, LLC v. Richison, 758 F.3d 1198, 1202–03 (10th Cir.2014) (quoting In re City of New York, 607 F.3d 923, 935 (2d Cir.2010)). But limiting disclosure of discovery to the attorneys is appropriate only in very limited situations. It is a drastic remedy because "it limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions." Ragland v. Blue Cross Blue Shield of N. Dakota, 2013 WL 3776495, at *1 (D.N.D. June 25, 2013). And it "limits the ability of a party to provide needed assistance to counsel," (Ragland, 2013 WL 3776495, at *1), which may result the in the denial of fundamental due process rights. Martinez v. City of Ogden, 2009 WL 424785, at *3 (D.Utah Feb. 18, 2009). An

---

[1] The court has not been asked to rule on the relevance or reasonableness of McDonald Apiary's discovery requests. As such, the court cannot currently decide whether the information sought is discoverable.

"attorneys eyes only" protective order "should not be authorized simply because one of the parties would prefer that certain information not be disclosed to an opposing party." Ragland, 2013 WL 3776495, at *2.

Bussing v. COR Clearing, LLC, No. 8:12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015).

The party seeking an AEO designation has the burden of proving the information sought is a trade secret, confidential research, development, or commercial information and that its disclosure to the opposing party might be harmful. Id. If the party seeking protection meets its burden, the party opposing the designation must prove the information is necessary and relevant to the action. Id. "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.' " Id. at *2 (quoting Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc., 242 F.R.D. 552, 555 (C.D.Cal.2007)).

McDonald Apiary asserts its "location information . . ., identifying information regarding the landowners and beehive owners with whom it works, its contract terms with those landowners and bee hive owners, and its bank account information" are trade secrets or confidential commercial information. It has proposed an AEO provision in a protective order that restricts six categories of information as AEO.

> All identifying information of each person or entity (including his/her/their/its agents) other than Starrh Bees who owned bees or beehives and worked or contracted with McDonald Apiary to ship bees or place bees for said bees to forage, make honey, or otherwise generate value (i.e., grow bees);
>
> All identifying information for any location where McDonald Apiary placed or may place bees other than those owned by Starrh, including GPS

coordinates, addresses, tax parcel i.d. numbers, legal descriptions, and owner names;

Copies of any and all devices on which McDonald Apiary stores any data concerning any locations where McDonald Apiary may place bees in the course of its business and data from those devices;

Contracts between McDonald Apiary and landowners;

Contracts between McDonald Apiary and any beekeepers or owner of bees besides Starrh; and

McDonald Apiary's bank account information.

([Filing No. 73 at CM/ECF pp. 8-9](#)).

As the court understands the parties' respective arguments, Plaintiff asserts Defendant has requested information that may require disclosure of trade secrets or other confidential commercial information to a direct competitor – Starrh Bees. Defendant argues there are no circumstances under which an AEO designation would be appropriate in this case, particularly since defense counsel must rely heavily on his client's expertise in the bee keeping and honey industry to assess McDonald Apiary's claims and damage requests.

McDonald Apiary seeks to protect information explaining where it places bee hives throughout Nebraska and other states, stating this information is a trade secret. Plaintiff asserts it has gathered information and worked with landowners over a number of years to determine the land owners who are willing to allow placement of beehives on their lands and determining which locations will provide for the best results. Plaintiff further asserts it has developed a GPS system to identify "specific, tried, and tested locations throughout Nebraska and other states." ([Filing No. 74-1](#), ¶5 at CM/ECF p. 2).

Plaintiff admits it shared some of this information with Starrh Bees to fulfill its obligations under the oral contract. However, to the extent Starrh Bees is seeking any location information McDonald Apiary did not disclose as a part of the execution of the contract, McDonald Apiary seeks AEO protection to maintain the secrecy of those locations from its competitor, Starrh Bees.

Setting aside any concerns the court has over the discoverability of that information, the court does not believe, at this juncture, Plaintiff has met its burden of establishing the location information has been held in confidence such that it warrants an AEO designation. When assessing whether a trade secret exists, the court considers "the efforts of the owner to keep the information secret and its competitive value if disclosed." Carlson v. Freightliner LLC, 226 F.R.D. 343, 364 (D. Neb. 2004) ((citing Restatement of Torts, § 757, comment b.). "Confidential business information is property, (Carpenter v. United States, 484 U.S. 19, 26 (1987)), but the extent of the property right and the entitlement to withhold it from discovery depends on whether the business has attempted to keep it secret." Wagner v. Dryvit Sys., Inc., 208 F.R.D. 606, 612 (D. Neb. 2001).

Plaintiff states it has kept the requested location information secret. Defendant contends (and Plaintiff does not refute) that Plaintiff provided Defendant with a GPS location information and data. Plaintiff has failed to explain how it can share certain location information with a competitor and simultaneously claim its location information is held strictly confidential. Based on the record before the court, the parties apparently did not enter into any type of confidentiality agreement as part of their oral contract. And this type of undocumented business arrangement does not appear to be a unusual for Plaintiff: McDonald Apiary has entered into similar contracts with other competitors and has not provided evidence its demands a confidentiality agreement in those contracts. (Filing No. 59, ¶10 at CM/ECF p. 3 & ¶12 at CM/ECF p. 4). Thus, it is not clear to the

court how any GPS location information and data it shared with other competitors or business partner could be considered confidential.

In response to Starrh Bees' request for all copies of all contracts between McDonald Apiary "and any other person or entity related to the production of honey for the years 2012, 2013, and 2014," McDonald Apiary seeks to protect the details within contracts between it and landowners and bee keepers. McDonald Apiary has done little to demonstrate its other business contracts are confidential (if, in fact, written documentation of its contracts with other landowners even exist). McDonald Apiary suggests its contracts with business partners are tantamount to client lists and should not be disclosed to competitors. But at least in the case of Starrh Bees, McDonald Apiary entered into contracts with its competitor. Whatever McDonald Apiary's intent, it has not presented evidence that any of its contracts with the individual land owners or other business partners contained any sort of confidentiality clause or were otherwise closely guarded. Thus, it has not met the requisite burden of demonstrating an AEO designation is warranted for the contracts between McDonald Apiary and its other business partners.

Finally, McDonald Apiary seeks to protect its financial information and bank records with an AEO designation. Starrh Bees asserts these records are necessary because of the "various categories of damages" McDonald Apiary seeks. ([Filing No. 75 at CM/ECF p. 16](#)). Starr Bees asserts an AEO designation would be too restrictive because Starr Bees' counsel needs client assistance to understand the documents; that Starrh Bees' representatives are familiar with the beekeeping and honey industries and have knowledge its attorneys lack. To the extent Starrh Bees seeks McDonald Apiary's traditional business financial statements, McDonald Apiary has not explained how these statements could be considered "confidential" or what measures it uses to make sure financial statements are not disseminated. A business' financial statements are often disclosed to secure loans and for other business purposes. Likewise, McDonald Apiary

has not shown that its bank records are confidential or that any great harm will come to it if Starrh Bees' counsel is able to discuss the figures and transactions with its client.

Accordingly,

IT IS ORDERED:

(1) Plaintiff's motion for a protective order, ([Filing No. 72](Filing No. 72)), is granted in part and denied in part. A protective order will be entered, but the request for an Attorney's Eyes Only provision is denied.

(2) The protective order submitted by Starrh Bees, ([Filing No. 76-2](Filing No. 76-2)), is hereby adopted and will be separately entered.

Dated this 25th day of January, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.