# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MCDONALD APIARY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STARRH BEES, INC.; DALE ASHLEY; ) <br> ANNE ASHLEY; and JONATHAN ) <br> GONZALEZ, ) <br> ) <br> Defendants. ) | CASE NO. 8:14-cv-00351 <br><br> **PROTECTIVE ORDER** |
| STARRH BEES, INC., ) <br> ) <br> Counterclaim-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MCDONALD APIARY, LLC; ED ) <br> MCDONALD; and SUSAN ) <br> MCDONALD, ) <br> ) <br> Counterclaim-Defendants ) | |

The parties to this action anticipate that they will seek information that the parties may assert as containing confidential, proprietary, business, commercial, technical, scientific, financial, personnel, and/or trade secret information that is not generally known and that the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information, the present disclosure of which could, in the good faith judgment of the designating party, be detrimental to the designating party in the conduct of its business.

Accordingly,

IT IS ORDERED that a Protective Order ("Protective Order") is entered as follows:

1. This Protective Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Protective Order in accordance with the terms hereof.

2. Any party or non-party producing, serving, or filing documents or other materials in this action ("Producing Party") may designate any discovery materials as "Confidential" under the terms of this Protective Order if the Producing Party believes in good faith that such Discovery Materials contain non- public, confidential, proprietary, trade secret, or commercially or personally sensitive information that requires the protections provided in this Protective Order. The Producing Party designating documents as "Confidential" shall do so by written notice to opposing counsel which identifies the documents so designated by labeling the document "Confidential" or other reasonable identifying characteristic, and such designation may be made after production in the event a party inadvertently failed to so mark such document(s) as "Confidential".

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or other materials subject to this Protective Order, the party filing such papers shall

designate such materials, or portions thereof, as "Confidential" and shall file them with the Court as "restricted document" as provided in NECivR 5.3.(c); provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

4. All documents, transcripts, or other materials subject to this Protective Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Protective Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document or any other information as "Confidential," no document, transcript or pleading designated "Confidential" and no information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may be disclosed other than in accordance with this Protective Order, and may not be disclosed to any person other than:

(a) the Court and its personnel;

(b) parties to this litigation;

(c) counsel for the parties, whether retained counsel or in-house counsel and employees of retained counsel reasonably assigned to assist such counsel in the preparation of this litigation;

(d) court reporters and their staffs;

(e) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information;

(f) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and

(g) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the Declaration of Compliance, attached hereto as Exhibit A.

6. All persons, excluding those identified in Paragraphs 6(a)-6(c), receiving any or all documents or any other information produced pursuant to this Protective Order shall be advised of their confidential nature and must sign the Declaration of Compliance, attached hereto as Exhibit A, before receiving any such documents or information. All persons to whom "Confidential" information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such "Confidential" documents, information or transcripts shall disseminate or disclose them to any

person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such documents, information, or transcripts.

7. A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on any third party. A third party may designate a document as "Confidential" pursuant to this Protective Order. Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Protective Order within thirty (30) days of being made aware of the content of such documents. Any document produced by a third party and so designated shall be treated as Confidential pursuant to the terms of this Order. The "Confidential" restriction of this Protective Order shall no longer apply to any document produced by a third party that has not been designated as "Confidential" by the producing third party or by a party within such thirty (30) day period.

8. Nothing in this Protective Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Protective Order has been entered by the Court to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Protective Order, nor the designation of any information, document, or the like as "Confidential" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, including all appeals, counsel for each party shall certify to the other parties or

their counsel that counsel and the party that counsel represents have destroyed or returned all materials designated "Confidential" pursuant to this Protective Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are independent work product materials and excepting that counsel for the parties may each retain one archival copy of each such document, subject to the terms and conditions of this Protective Order, to maintain a complete file of the litigation.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation of confidentiality made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis involving both written and oral correspondence. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information as confidential, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. This Protective Order shall be without prejudice to the right of any of the parties of this action (a) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential; (b) to seek a further protective order; (c) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (d) by application and notice, to seek

relief from any provision of this Protective Order on any ground. During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

13. If a party that receives "Confidential" information discovers that, whether through inadvertence or otherwise, it has disclosed or provided such documents or information to any person or entity not authorized to review it under the terms of this Protective Order, then that disclosing party shall promptly:

(a) make reasonable best efforts to seek the return of the documents or information;

(b) inform opposing/producing counsel of the disclosure and the relevant circumstances (including the identity(ies) of the person or entity to whom disclosure was made); and

(c) advise the recipient of the provisions of this Protective Order and request that the "Confidential" documents or information be returned immediately (without making copies of or notes about the same) and make all reasonable efforts to have the recipient sign the Declaration of Compliance, attached hereto as Exhibit A.

This paragraph does not limit the remedies that the other party may pursue for breach of this Protective Order.

14. This Protective Order does not authorize or require disclosure of documents or information protected by or subject to claims of privilege

or protection, including but not limited to the attorney-client privilege or work product protection. Pursuant to Federal Rule of Evidence 502, the parties agree and this Court orders that if a party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not operate as a waiver of the otherwise applicable privilege or protection. Upon receipt of written notice identifying privileged or protected documents that were inadvertently or mistakenly produced, the receiving party shall within ten (10) business days: (a) return or certify the destruction of all such documents and (b) destroy work product or portions of any work product containing or reflecting their contents. This provision shall not affect any rights of the party returning such inadvertently produced documents to move for in camera inspection of the documents and to compel production of the returned documents all in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials designated "Confidential" pursuant to this Protective Order.

16. The parties are not required to provide privilege logs for written communications or other documents created on or after the filing of the Complaint on October 31, 2014 for which attorney-client privilege or work-product protection is claimed. For all other documents, the parties shall follow the Court's standard requirements for privilege logs.

17. In the event that any party is subpoenaed or served with any other legal process by a person or entity not a party to this litigation and is thereby requested to produce or otherwise disclose "Confidential" information that was so designated by another party, the party subpoenaed or served as referred to in this paragraph shall object to the production of the "Confidential" information by setting forth the existence of this Protective Order and shall give prompt and immediate written notice to the party who produced the "Confidential" information in this litigation and its attorneys. Nothing in this Protective Order shall be construed as requiring the party from whom "Confidential" information was requested to challenge or appeal any order requiring production of "Confidential" information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. Notwithstanding the other provisions of this paragraph, a party from whom "Confidential" documents or information are subpoenaed or otherwise required by a governmental agency must notify the entity requesting the documents or information of its "Confidential" status, and may ultimately produce the documents or information to that agency without itself making objections, but shall provide prompt and immediate written notice of any issuance of any such subpoena to the party who disclosed the "Confidential" information and their attorneys.

18. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

22. All ethical, legal, and equitable rights and obligations not addressed in this Protective Order remain in force.

**IT IS HEREBY ORDERED.**

**Dated this 26th day January, 2015.**

**s/Cheryl R. Zwart**
The Honorable Cheryl R. Zwart
United States Magistrate Judge

# EXHIBIT A
# DECLARATION OF COMPLIANCE

I have read the Protective Order entered by the United States District Court for the District of Nebraska in the action entitled *McDonald Apiary, LLC v. Starrh Bees, Inc., et al.* Case No. 8:14-cv-00351. I understand the Protective Order is a court order designed to preserve the confidentiality of information designated under the terms of the Protective Order. I agree to comply with all provisions of the Protective Order. I will also ensure compliance with the Protective Order by my employees and/or agents whom I assign to work on this litigation, if any, and will require each employee or agent to complete a Declaration of Compliance before providing them with any "Confidential" documents or information. I also hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of any provision of the Protective Order. I

hereby appoint _____ [Name] of _____ [Address & Phone No.] as my Nebraska agent for service of process in connection with this action or any proceeding related to enforcement of this Protective Order.

Dated: _____     _____
                                    Signature

                                    _____
                                    Name (Print)