IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MCDONALD APIARY, LLC, a
Nebraska Limited Liability Company,

        Plaintiff,

vs.

STARRH BEES, INC., a California
Corporation, et al.,

        Defendants.

8:14-CV-351

MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's objection (filing 81) to the Magistrate Judge's memorandum and order (filing 77) denying the plaintiff's motion for protective order (filing 72) in part. The Court will overrule the plaintiff's objection.

The parties' dispute relates to the plaintiff's request for an "attorneys' eyes only" (AEO) provision in the protective order. Fed. R. Civ. P. 26(c) requires good cause for a protective order to be issued. The burden is therefore upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. *Gen. Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973). Such a determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted. *Id.*

An AEO designation should only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures. *Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.,* No. 12-cv-1851, 2015 WL 5611667, at *3 (N.D. Ill. Sept. 23, 2015). Requiring an AEO provision is a drastic remedy given its impact on the party entitled to the information, in that it prevents a party from reviewing documents with counsel, and can hamper the ability of the party to present his or her case. *Gillespie v. Charter Commc'ns*, No. 4:14-cv-207, 2015 WL 5638055, at *6 (E.D. Mo. Sept. 24, 2015). The AEO designation must be used selectively because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client, and because it leaves the

litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious. *Glob. Material Techs.*, 2015 WL 5611667, at *3. And because restrictions on a litigant's access to information that may constitute or lead to evidence may severely hamper the litigant's participation, denying a litigant that right could well border on a denial of due process. *Martinez v. City of Ogden*, No. 1:08-cv-87, 2009 WL 424785, at *3 (D. Utah 2009). Therefore, any designation of material as "attorneys' eyes only" should be reserved for only those rare instances in which it is truly justified, and there is no other effective alternative. *Gillespie*, 2015 WL 5638055, at *6.

A court may issue a protective order when necessary to limit the disclosure of trade secrets and other confidential research, development, and commercial information under Rule 26(c)(1)(G). *Layne Christiansen Co. v. Purolite Co.*, 271 F.R.D. 240, 248 n.20 (D. Kan. 2010); *see Gillespie*, 2015 WL 5638055, at *6. An AEO provision may be justified where there is a specific factual showing that especially sensitive information is at issue or the information is to be provided to a competitor. *Stout v. Remetronix, Inc.*, 298 F.R.D. 531, 535 (S.D. Ohio 2014). But there is no absolute privilege for trade secrets or other confidential information, and the mere presence of trade secrets does not automatically entitle the producing party to an AEO provision. *Id.* at 534-35; *Layne Christiansen*, 271 F.R.D. at 248 n.20.

The party seeking an AEO provision must identify, with sufficient particularity, the harm it will suffer. *Stout*, 298 F.R.D. at 535. In the business context, such a showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples. *Id.* The moving party must do more than show that it is a competitor of the receiving party or that the documents in question disclose information about the moving party's relationship with other competitors. *Glob. Material Techs.*, 2015 WL 5611667, at *3. Instead, the moving party needs to show that the disclosure of the particular AEO-designated materials to even a small number of the other party's personnel would risk the disclosure of sensitive competitive information. *Id.* For instance, it may show the competitive harm that would befall it by virtue of disclosing the confidential information. *Layne Christensen*, 271 F.R.D. at 249. The Court may consider such factors as

(1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information;

(6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Stout,* 298 F.R.D. at 535 (citation and quotation omitted). But conclusory statements are insufficient to show that that the designating party is at an appreciable risk. *Glob. Material Techs.,* 2015 WL 5611667, at *3; *see Stout,* 298 F.R.D. at 534.

And even when the moving party has made an initial showing to support an AEO provision, the party seeking unrestricted disclosure may establish that such disclosure is necessary and relevant to the action. *Layne Christensen,* 271 F.R.D. at 249. The Court must consider whether the proposed limitation would impair the ability of the party seeking full disclosure to proceed effectively with the litigation. *Id.* In doing so, the Court may consider

> whether the individual to be prohibited from accessing the information would be virtually unable to compartmentalize the information and not use the information to seek to gain an unfair competitive advantage. The court should also consider whether prohibiting the individual's access to the information would hamper the party's ability to assess the merits of the litigation. This involves considering the individual's specific role in the litigation, whether his or her expertise is specialized and not widely available through the retention of other experts, and whether this specialized expertise is essential to the proper handling of the litigation.

*Id.* at 249-250. Finally, the Court must balance the needs of the party seeking the information against the potential for harm resulting from disclosure. *See,* *Stout,* 298 F.R.D. at 535; *Layne Christensen,* 271 F.R.D. at 249.

With those propositions in mind, the Court turns to the plaintiff's objection. The Magistrate Judge's order correctly reflects the legal principles set forth above. *See* filing 77 at 3-4. And a district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See,* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. U.S.,* 484 F.3d 1068 (8th Cir. 2007). Because the plaintiff has identified no legal error in the Magistrate Judge's decision, the question is whether her factual findings—that is, her finding that the plaintiff did not meet its burden of showing good cause in this case— are clearly erroneous. The Court finds that they are not.

The plaintiff presented evidence to the Magistrate Judge that the defendants could use information regarding potential beehive locations, or landowners and beehive owners, to "create an unfair competitive environment." Filing 74-1 at 4. But, as the Magistrate Judge pointed out, while the plaintiff contends that it keeps such information secret, there is little evidence that such information—which was, by its nature, known to the various people with whom the plaintiff contracted—was protected by actual confidentiality agreements.[1] Filing 77 at 6-7. The Court cannot say the Magistrate Judge was clearly wrong in finding that the plaintiff had not met its burden of showing a particularized risk of injury resulting from disclosure without an AEO provision. The plaintiff also presented evidence that if its bank account records were revealed to the defendants, they "could use that information to undermine [the plaintiff] in the marketplace, knowing its bank account balances, numbers, and other information." Filing 74-1 at 4. But it is not clear to the Court *how* that information could be used to harm the plaintiff, so the Court again cannot say that the Magistrate Judge was clearly wrong in finding that the plaintiff had not shown harm would come to it if the information was discussed between the defendants and their counsel. And finally, the defendant presented evidence that the beekeeping and honey production industry is uniquely specialized, that the defendants would be unable to effectively litigate without consultation between the defendants and counsel on matters specific to the industry, and that any other available experts were likely to also be competitors of the plaintiff. Filing 76-1 at 2-3. The defendants' counsel will, clearly, be required to rely on the defendants' expertise in the industry.

In sum, the Court finds no clear error in the Magistrate Judge's decision to deny the plaintiff's request for an AEO provision. An AEO provision should not be authorized simply because one of the parties would prefer that certain information not be disclosed to an opposing party. *Gillespie*, 2015 WL 5638055, at *6. That appears to be the case here. The Court also notes that the protective order, as entered, prohibits the use of information designated as "confidential" for "any business, commercial or competitive purposes" or for any purpose other than trial preparation. Filing 78 at 3. That provision can be enforced to protect the information provided to the defendants in this case. *See*, *id.*; *Dsuska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 261 (E.D. Wisc. 2013).

---

[1] The Court understands that a significant issue in this case is whether information allegedly taken from the plaintiff by the defendants included "trade secrets" within the meaning of Nebraska law. Nothing in the Magistrate Judge's order, or this order, should be construed as settling that question. As noted above, even trade secrets are subject to disclosure, and are not automatically entitled to an AEO provision.

IT IS ORDERED:

1.      The plaintiff's objection (filing 81) is overruled.

2.      The Defendants' Request for Expedited Consideration (filing 93), to the extent not mooted by this memorandum and order, is referred to the United States Magistrate Judge for disposition.

Dated this 4th day of March, 2016.

                              BY THE COURT:


                              John M. Gerrard
                              United States District Judge