IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MCDONALD APIARY, LLC, a Nebraska Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>STARRH BEES, INC., a California Corporation, et al.,<br><br>Defendants. | 8:14-CV-351<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on McDonald Apiary, LLC's motion for leave to file a third amended complaint (filing 135). McDonald's motion will be granted.

I. BACKGROUND

McDonald filed its initial complaint on November 12, 2014, and filed an amended complaint on November 19. Filing 1; filing 6. On July 9, 2015, the Court entered its final progression schedule consistent with the parties' Fed. R. Civ. P. 26(f) report, setting an August 31 deadline for McDonald to move for leave to file an amended pleading. Filing 46. On August 31, McDonald filed an unopposed motion to file a second amended complaint. Filing 57. The motion was granted, *see* filing 58, and McDonald's operative Second Amended Complaint was filed September 1. Filing 59.

The operative Second Amended Complaint contains ten claims: (1) Theft of Trade Secrets under Neb. Rev. Stat § 87-501 *et seq*.; (2) Trespass; (3) Breach of Contract; (4) Tortious Interference with Business Relationships and Expectancies; (5) Conversion; (6) Deceptive Trade Practices under Neb. Rev. Stat. §§ 87-301-306; (7) Fraud; (8) Negligence; (9) Quantum Meruit; and (10) Unjust Enrichment. *See* filing 59 at 9-21. Although many of McDonald's claims center on a 2014 oral contract allegedly entered into by the parties, other claims—such as the trade secrets and deceptive trade practices claims—allege that the defendants purposefully stole beehive location data in order to advance their business and harm McDonald. *See* filing 59.

Throughout the progression of this case, the parties moved for several deadline extensions, but never sought to amend the deadline for amending

the pleadings or adding parties. Based on the case's current progression schedule, trial is set for October 24, 2016, and all other progression deadlines have passed.

McDonald filed the current motion for leave to amend its complaint on June 30, 2016. Filing 135. In its proposed Third Amended Complaint, McDonald seeks to add new facts and allegations to several claims. McDonald argues that through the defendants' discovery responses in late March 2016, depositions of the defendants' employees, and by defendant Starrh Bees' placement of its hives for the 2016 season beginning in May 2016, it learned:

- Starrh was placing hives in such large numbers that they could serve no beekeeping purpose;
- Starrh was continuing to expand its placement of hives near and on the same land as McDonald's hives for the 2016 season; and
- "Starrh personnel were impersonating McDonald Apiary in order to deceive McDonald Apiary's landowners into allowing Starrh to place its hives on their lands."

Filing 155 at 8-9. McDonald argues it could not have possibly known by the August 2015 amendment deadline the extent of damage caused by Starrh's actions because the honey production season was not complete, it did not know its business partner would refuse to come back (allegedly due to Starrh's actions), it did not know the placement of all Starrh's hives during the 2015 season and at that time, and it did not know Starrh would continue its actions into the 2016 honey season.

## II. DISCUSSION
### 1. GOOD CAUSE

In general, courts are encouraged to allow amendments liberally. *Shen v. Leo A. Daly Co.*, 222 F.3d 472, 478 (8th Cir. 2000). However, the initial question is whether McDonald should be permitted to amend its complaint outside the deadline provided by the scheduling order. "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The good cause requirement found in Fed. R. Civ. P. 16(b) for amending pleadings after the scheduling deadline for doing so has passed "is not optional." *Id*.

The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being

the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. *Id.* at 716-17; *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' [the Court] may conclude that the moving party has failed to show good cause." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935 (8th Cir. 2012) (quoting *Sherman*, 532 F.3d at 718).

The defendants argue that McDonald's newly alleged facts arise out of the 2015 honey season—i.e., May to September 2015—and that McDonald was aware of at least some of the defendants' alleged activity in September 2015 at the latest. *See* filing 151 at 19-24. However, McDonald contends that the scope of Starrh's alleged activities was not clear until after production and depositions in March and April 2016. Filing 155 at 3-5. And McDonald contends that, once that information was available, it was able to determine during the 2016 honey season that Starrh's alleged activity was continuing. Filing 155 at 5-6.

This is, to be candid, not a dispute that the Court is well-positioned to resolve—at least, not without reviewing the parties' discovery materials in their entirety, which would create more delay than it could prevent. The defendants argue that McDonald "points to no specific discovery from Starrh . . . supporting its claim that it just learned of this 'new' information from the discovery Starrh has produced in the case." Filing 151 at 22. But the Court finds that McDonald has credibly explained why the scope of Starrh's alleged activity was not clear to it before April 2016, even if certain instances of the alleged conduct were known.

Based on that showing, the Court finds that McDonald acted diligently in moving to amend its complaint. The Court is persuaded that McDonald's additional allegations were unavailable—or, at least, not clearly available—until shortly before McDonald moved for leave to amend. And for reasons that will be explained more fully below, the Court finds that any prejudice to the defendants is not sufficient to warrant precluding McDonald from alleging its newly discovered facts in support of its claims, or precluding McDonald from having newly discovered claims addressed on the merits. The Court finds that good cause has been shown to allow amendment beyond the progression deadline.

### 2. LEAVE TO AMEND

Once the moving party is able to show good cause, under Fed. R. Civ. P. 15(a)(2), a pleading may only be amended if the opposing party provides written consent or with leave of court. "[A]bsent a good reason for denial—

such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003). But there is no absolute right to amend a pleading. *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003). In this case, the defendants argue that they would be unduly prejudiced by the amendment and that the proposed amendments are futile.[1]

(a) Prejudice from Amendment

Starrh argues that if McDonald is allowed to amend, it will be prejudiced. Specifically, Starrh argues that the case would be delayed because the Court would have to allow additional discovery so that Starrh can defend against McDonald's new allegations. Additionally, because this trial is scheduled for North Platte, Starrh argues the trial cannot be scheduled until February or May, both of which are busy months for the bee-keeping industry. And finally, Starrh argues that its counsel is busy with other litigation in the upcoming months and cannot "drop everything" to reinitiate discovery.

Regarding prejudice, the Court should consider whether the amendment "requires re-opening discovery, additional costs, and substantial changes to the course of the case[.]" *White Cap. Constr. Supply, Inc. v. Tighton Fastener & Supply Corp.*, 8:08-cv-264, 2010 WL 3636263 (D. Neb. Sept. 9, 2010). Because of the liberal amendment policy of Rule 15, any existing prejudice must outweigh McDonald's right to have the new facts and claims heard on the merits. *See*, *Naylor v. Rotech Healthcare, Inc.*, 679 F. Supp. 2d 505, 509 (D. Vt. 2009) (citing 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (2d ed. 1990 & Supp. 2009)); *Jeter v. Montgomery Cnty.*, 480 F Supp. 2d 1293 (M.D. Ala. 2007); *Assam v. Deer Park Spring Water*, 163 F.R.D. 400 (E.D.N.Y. 1995); *UNR Indus., Inc. v. Cont'l Ins. Co.*, 623 F. Supp. 1319 (N.D. Ill. 1985). As a practical matter, any substantive amendment to the pleadings will "prejudice" the party at whom the pleading is directed—the question is whether that prejudice is undue. *See Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005).

This litigation is late in its progression: only a summary judgment motion and motions in limine remain and trial is set to begin in late October. The parties disagree about whether discovery would have to be reopened to

---

[1] In addition, the Court finds that for the reasons substantially explained above, McDonald has not unduly delayed seeking leave to amend. Nor does the Court find bad faith or a dilatory motive. The only "deficiency" that McDonald is arguably attempting to correct—its dismissed Junkin Act claim—will be discussed in greater detail below.

investigate the new claim and additional allegations. Regardless, even if new discovery is required, the new allegations and claims are closely related to already-pending issues, and do not materially alter the nature of this case. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). And more fundamentally, the burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading. *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000). Nor is there anything to suggest that the defendants are ultimately less able now than they previously would have been to mount an effective defense. *Compare Doe*, 403 F.3d at 991. On balance, the Court finds that the defendants will not be so *unduly* prejudiced as to outweigh McDonald's right to assert its claims.

(b) Futility of Amendment

The Court will also deny a motion for leave to amend as futile if McDonald's proposed complaint fails to state a claim under the pleading standard described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), thereby rendering the complaint subject to dismissal under Fed. R. Civ. P. 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010).

A complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When assessing whether a plausible claim was alleged, the Court considers only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). McDonald need not submit documentary evidence to withstand a Rule 12(b)(6) analysis. The Court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Whitney*, 700 F.3d at 1128-29. The question at this preliminary stage is not whether McDonald might be able to prove its claim, but whether it has "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims. *Id.* at 1128-29.

Starrh argues that numerous components of McDonald's proposed amended complaint are futile. Of those, only one—the Junkin Act claim—requires significant discussion. As for the others, McDonald is for the most part seeking to allege additional facts, arising out of events occurring after this suit was filed, in support of its existing claims for relief.

The Court already found that McDonald had sufficiently pled its tortious interference claim and its Uniform Deceptive Trade Practices Act (UDTPA) claim. Filing 40 at 5-8. The defendants did not even move to dismiss McDonald's fraud claim or negligence claim. *See* filing 18. And it is almost axiomatic that a sufficiently pled claim for relief does not cease to

state a claim when additional facts are added. Whether the new allegations are material additions is not a question the Court has to answer. The Court has considered McDonald's proposed amendments and concludes that, when McDonald's allegations are read as a whole, the proposed Third Amended Complaint states claims for relief based on tortious interference, the UDTPA, fraud, and negligence.

McDonald's proposed Third Amended Complaint also seeks to reassert a claim for Unlawful Restraint of Trade under the Junkin Act, Neb. Rev. Stat. § 59-801 *et seq*. McDonald pleaded a Junkin Act claim in its First Amended Complaint (filing 6), but the Court dismissed it for failure to state a claim in May 2015. Filing 40. The defendants argue that the new Junkin Act claim has the same deficiencies because, as relevant, it does not allege sufficient facts to support a finding that the defendants acted with the purpose to drive McDonald out of business. *See Credit Bureau Servs., Inc. v. Experian Info. Sols., Inc.*, 828 N.W.2d 147, 152 (Neb. 2013).

The Court disagrees. The proposed Third Amended Complaint alleges that Starrh placed its hives in proximity to McDonald's hives, even though "[t]here was no legitimate business purpose for Defendants' placement of thousands of bees without a place for the bees to forage." Filing 137-2 at 23. Thus, McDonald concludes, Starrh's purpose was solely to kill McDonald's bees and drive it out of business. Filing 137-2 at 23.

The defendants argue that the proposed amended pleading still recognizes Starrh as a competitor of McDonald, implying that Starrh has a legitimate competitive purpose. Filing 151 at 30-31. But even if a defendant expects to profit from a plaintiff being driven out of business, § 59-805 "means that the prohibited *act* must be done with the purpose to drive the plaintiff out of business." *Credit Bureau Servs.* 828 N.W.2d at 152 (emphasis supplied). McDonald has sufficiently alleged that the defendants undertook particular *acts* that had no legitimate business purpose—*i.e.*, had no purpose other than to drive it out of business. McDonald may or may not be able to prove that theory, but it is enough to state a claim for relief under § 59-805.

The defendants also argue that the effect of the Court's previous dismissal was to dismiss McDonald's Junkin Act claim "*with prejudice*." Filing 151 at 28. That argument has no merit, for two reasons. First, as a practical matter, McDonald is not reasserting the claim that was dismissed. The allegations supporting the new Junkin Act claim arise out of completely different facts than the previous claim—events which, in fact, are alleged to have occurred after the previous dismissal. *Compare* filing 6 at 18-19 *with* filing 137-2 at 22-25. Even the dismissal of a previous Junkin Act claim "with prejudice" would not bar the allegation of a subsequent claim, based on different facts, just because it arose under the same statutory scheme.

- 6 -

But more simply, even if this was the same Junkin Act claim, the Court could permit its reassertion. In the absence of a final judgment,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The concept of dismissal "with prejudice" is simply not pertinent to dismissal in an ongoing case before entry of final judgment.

In sum, the Court finds that McDonald's proposed amendments are not futile, and should be permitted.

IT IS ORDERED:

1. McDonald's Motion for Leave to Amend Second Amended Complaint (filing 135) is granted.

2. McDonald's Third Amended Complaint (filing 137-2), a copy of which was attached to its motion, shall be filed on or before September 21, 2016.

3. On or before September 21, 2016, the parties shall confer and contact the Magistrate Judge's chambers to set a conference for the purpose of discussing any additional discovery or scheduling issues that may be required as a result of the Third Amended Complaint.

Dated this 14th day of September, 2016.

BY THE COURT:

*/s/ John M. Gerrard*
John M. Gerrard
United States District Judge