IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MCDONALD APIARY, LLC, a Nebraska Limited Liabiity Company;<br><br>    Plaintiff,<br><br>  vs.<br><br>STARRH BEES, INC., a California Corporation; DALE ASHLEY, ANNE ASHLEY, AND JONATHAN GONZALEZ,<br><br>    Defendants. | 8:14CV351<br><br>MEMORANDUM AND ORDER |

  Pending before me is McDonald Apiary's motion for expedited discovery. (Filing No. 194). For the reasons stated below, the motion will be granted.

  Plaintiff's complaint was initially filed in the District Court of Sheridan County, Nebraska on October 31, 2014, and it was removed to this forum on November 12, 2014. (Filing No. 1). The court entered a progression order on July 9, 2015, which set August 31, 2015 as the deadline for moving to amend Plaintiff's complaint. (Filing No. 47). Trial was scheduled to begin on October 24, 2016. (Filing No. 48).

  On June 30, 2016, Plaintiff moved for leave to file an amended complaint. The proposed amended complaint added allegations supporting Plaintiff's previously alleged claims, and it added a claim under the Junkins Act. As relevant to the pending motion for expedited discovery, Starrh objected to allowing an amended complaint, arguing:

> If the Court were to allow McDonald Apiary's amendments additional discovery would have to be allowed, and the trial date would almost certainly have to be moved. Starrh Bees should not be prejudiced by having to re-take depositions and losing the trial date, at which its Counterclaims against McDonald Apiary will also be adjudicated.

(Filing No. 151, at CM/ECF p. 33).

Plaintiff responded that although trial was quickly approaching, Starrh Bees did not need discovery to respond to the proposed new allegations: "[T]he amendments describe Starrh's own conduct—which has been known to Starrh all along." (Filing No. 155, at CM/ECF p. 2). McDonald Apiary argued:

> There are no new causes of action. There are no new defendants. These legal theories, and the importance of location information, have been present in this case all along. McDonald Apiary is simply now supplementing its original Junkin Act claim, as well as its other claims, with factual allegations based upon information it was belatedly provided in discovery or which it very recently discovered regarding Starrh's behavior in the placement of its hives and its impersonation of McDonald Apiary.

(Filing No. 155, at CM/ECF pp. 18-19).

Upon review of the record and allegations before the court, Judge Gerrard concluded there was good cause to grant McDonald Apiary's motion to amend. As to the issue of whether good cause supported Plaintiff's post-deadline motion, Judge Gerrard reasoned that McDonald Apiary could not have reasonably met the August 31, 2015 deadline for amending: It could not have known and alleged facts based on the 2015 and 2016 beekeeping seasons before the deadline for moving to amend, and it acted promptly when those facts became known. Discussing any prejudice caused by the late amendment, Judge Gerrard stated:

> The parties disagree about whether discovery would have to be reopened to investigate the new claim and additional allegations. Regardless, even if new discovery is required, the new allegations and claims are closely related to already-pending issues, and do not materially alter the nature of this case. . . . And more fundamentally, the burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.

(Filing No. 180, at CM/ECF pp. 4-5) (internal citation omitted). Judge Gerrard granted Plaintiff's motion to amend on September 14, 2016, (Filing No. 180), and Plaintiff's Third Amended Complaint was filed on September 16, 2016. (Filing No. 181).

The Third Amended Complaint adds allegations that Starrh was and is attempting to drive McDonald Apiary, its competitor, out of business, and in 2015 and 2016, it did so by placing an excessive number of hives near and on the same land as McDonald Apiary's hives for no valid business purpose. The Third Amended Complaint alleges Starrh was and is pursuing its unlawful, anti-competition conduct by impersonating McDonald Apiary personnel to gain access to and place Starrh hives on property used by McDonald Apiary for its hive locations. (Filing No. 181, at CM/ECF pp. 21-24).

After the Third Amended Complaint was filed, a conference call was promptly scheduled for September 23, 2016, to discuss any necessary modifications to the case progression schedule. During that conference before the undersigned magistrate judge, both parties stated they did not want the trial delayed.[1] When asked about any required additional discovery, McDonald Apiary did not identify any specific discovery it still needed, while Starrh stated that in light of the new allegations, it needed a supplemental 30(b)(6) deposition of McDonald Apiary. That deposition was held on October 4, 2016. (Filing No. 184).

At the time of the October 4, 2016 deposition, McDonald Apiary talked to Starrh's counsel about the additional document discovery at issue in McDonald Apiary's pending motion for expedited discovery. That listing includes:

  a. Dale's calendars for 2015 and 2016
  b. Starrh's 2015 and 2016 honey production records and numbers
  c. Starrh's 2015 and 2016 honey sales records and numbers
  d. Starrh's 2014, 2015, and 2016 extraction records, including from the North Platte facility

---

[1] The trial was in fact delayed to December 1, 2016, primarily because litigating the allegations within the Third Amended Complaint will require more witnesses, and neither the courtroom nor Judge Gerrard were available for a lengthier trial time if the trial began on October 24, 2016. The new trial date was discussed at length and selected during the parties' pretrial conference.

  e.  Starrh's hive locations for 2016 (GPX file is sufficient)

([Filing No. 194-3](#)).

  Starrh Bees objects to the additional discovery, arguing it not requested by the April 29, 2016 written discovery deadline, (see text order 108); McDonald Apiary has failed to show good cause for untimely requesting additional discovery; and McDonald Apiary should be estopped from demanding discovery now because it denied needing discovery in prior briefing and communications with the court, including during the September 23, 2016 conference with the undersigned magistrate judge.

  The discovery requests at issue were likely not relevant, or at least not proportionate to the claims alleged, before the Third Amended Complaint was filed. But with that filing on September 16, 2016, McDonald Apiary's additional discovery requests are, without question, relevant. While the court is troubled by McDonald Apiary's failure to immediately inform the court (and opposing counsel) of the additional discovery it would need if granted leave to file an amended complaint, and its failure to immediately make these discovery demands during the conference on September 23, 1016, I am not convinced McDonald Apiary has engaged in "gamesmanship" to obtain a litigation advantage. ([Filing No. 151, at CM/ECF p. 3](#)).

  This lawsuit is complex, with both parties required to marshal, decipher, and cross-reference many documents spanning multiple honey production seasons. McDonald Apiary requested additional documents from Starrh which are relevant to the new claim and allegations within three weeks after the Third Amended Complaint was filed. Three weeks was not an unreasonable time for McDonald Apiary to assess what it had and what it still needed to pursue the additional 2015 and 2016 allegations, and respond to Starrh's defenses. Then Starrh responded to McDonald Apiary's demands primarily with silence for nearly three weeks, (Filing Nos. 194-5 through 194-7)—a delay which may reflect its

4

own difficulty with immediately assessing discovery demands and providing appropriate responses in this document-intensive case.

In the end, the goal is to expeditiously and efficiently achieve a just and fair verdict. Fed. Civ. R. P. 1. Upon review of the record as a whole, and having attempted to actively manage the discovery process in this case from the outset to reach that goal, the undersigned magistrate judge finds McDonald Apiary has shown good cause for making post-deadline discovery demands, and its related motion for expedited discovery must be granted.

Accordingly,

IT IS ORDERED:

1) Starrh's Motion for Leave to File a Surreply Brief Instanter, ([Filing No. 197](#)), is granted, and the surreply brief was reviewed and considered in deciding the motion for expedited discovery.

2) McDonald Apiary's motion for expedited discovery, ([Filing No. 194](#)), is granted. On or before November 15, 2016, Starrh shall produce:
   a. Dale's calendars for 2015 and 2016
   b. Starrh's 2015 and 2016 honey production records and numbers
   c. Starrh's 2015 and 2016 honey sales records and numbers
   d. Starrh's 2014, 2015, and 2016 extraction records, including from the North Platte facility
   e. Starrh's hive locations for 2016 (GPX file is sufficient)

3) A supplemental Pretrial Conference to update the final pretrial conference order and exhibit lists, as needed, is scheduled to be held before the undersigned magistrate judge on November 21, 2016 at 8:30 a.m., and will

5

be conducted by internet/telephonic conferencing. The parties shall use the conferencing instructions assigned to this case, (see Filing No. 50), to participate in the pretrial conference. Any supplemental or amended proposed Pretrial Conference Order and Exhibit List(s) must be emailed to [zwart@ned.uscourts.gov](mailto:zwart@ned.uscourts.gov), in either Word Perfect or Word format, by 5:00 p.m. on November 18, 2016.

November 5, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge