IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MCDONALD APIARY, LLC, a<br>Nebraska Limited Liability Company,<br><br>                    Plaintiff,<br><br>vs.<br><br>STARRH BEES, INC., a California<br>Corporation, et al.,<br><br>                    Defendants. | 8:14-CV-351<br><br><br>ORDER |

This matter is before the Court on the defendants' motion in limine (filing 199), the plaintiff's motion in limine regarding exhibits (filing 204), the plaintiff's motion in limine regarding Starrh Bees' tort claims (filing 206); and the plaintiff's motion in limine regarding Starrh's affirmative defenses (filing 209). As set forth below, and as more fully explained on the record in the courtroom, the Court will grant the defendants' motion in part and deny it in part, and will deny the plaintiff's motions.

### THE DEFENDANTS' MOTION

A. The defendants move to exclude evidence relating to Starrh's operations in South Dakota and alleged noncompliance with South Dakota law. The Court will permit evidence of the locations at which Starrh placed hives in South Dakota, and will deny the defendant's motion on that point. However, the Court finds that evidence regarding Starrh's compliance with South Dakota law is irrelevant and would be unfairly prejudicial, and will grant the defendant's motion in limine with respect to whether Starrh's hives in South Dakota were placed or registered in compliance with the requirements of South Dakota law.

B. The defendants object to evidence or argument that their discovery or other litigation conduct gives rise to liability. The defendants' objection is premised on the *Noerr–Pennington* doctrine, which is a defense to liability premised on a defendant's actions of exercising its own private rights to free speech and to petition the government. *Hinshaw v. Smith*, 436 F.3d 997, 1003 (8th Cir. 2006). The plaintiff contends that the *Noerr-Pennington* doctrine does not apply.

The Court acknowledges that *Noerr-Pennington* is applicable to civil tort claims, and that it encompasses activities reasonably and normally attendant to effective petitioning. *See Select Comfort Corp. v. Sleep Better Store*, 838 F. Supp. 2d 889, 896 (D. Minn. 2012). But the *Noerr–Pennington* doctrine does not bar claims in which the filing of the lawsuit, or other action in petitioning the government, is not identified as the inequitable or wrongful conduct. *Int'l Motor Contest Ass'n, Inc. v. Staley*, 434 F. Supp. 2d 650, 662 (N.D. Iowa 2006).

The Court is skeptical that *Noerr-Pennington* is applicable to the theory advanced by the plaintiff, which is represented by the plaintiff as being that knowledge obtained through litigation may have assisted the defendants when engaged in other, separate wrongful acts. And *Noerr–Pennington* immunity protects a defendant from liability, not from suit. *Hinshaw*, 436 F.3d at 1003. Whether the plaintiff can establish *foundation* for its theory— that is, that the alleged wrongdoers were made aware of the information that the plaintiff believes assisted the wrongdoing—is a matter that can be addressed through objection at trial. So, the Court will deny the defendants' motion in limine on this point.

C. The defendants seek to preclude evidence of the plaintiff's banking information beyond that which has been produced. The motion is denied to the extent that the plaintiff's witnesses will not be precluded from testifying about its financial condition. However, should a witness reference evidence that was asked for by the defendants but not produced, the Court will hear any objections at trial.

D. The defendants move to exclude evidence of damages sustained by third parties. The Court will deny the motion in limine on this point, but will hear any relevance objections made at trial.

E. The defendants ask to preclude evidence or argument that Starrh has allegedly acted "immorally," or evidence regarding any person or party's religious beliefs. Both sides deny an intent to adduce evidence relating to religious beliefs, and both sides agree that such evidence would be irrelevant. So, the Court will deny the motion in limine on this point, as the parties do not appear to disagree. The Court will, however, <u>grant</u> the motion in limine with respect to evidence regarding "immoral" or "unethical" business practices, as opposed to relevant evidence regarding industry practices or the standard of care in the beekeeping industry.

F. The defendants object to evidence or argument insinuating or suggesting a witness is not credible because the witness resides outside of Nebraska. The plaintiff is obviously permitted to refer to the fact that Starrh Bees is from California; that fact is an intrinsic part of the events underlying this case. The Court will deny the defendants' motion in limine, but will be

prepared to draw the line at trial should any witnesses make credibility insinuations that are supported by prejudice rather than the evidence.

G. The defendants move to exclude evidence or argument suggesting the Garden County Sheriff or any other law enforcement agency is conducting an ongoing investigation of the alleged incident at the plaintiff's Lisco facility. The plaintiff's witnesses may testify to their account of the incident, and that it was reported to law enforcement, but the defendants' motion in limine will be <u>granted</u> as to evidence beyond that—specifically, as to evidence or argument regarding an *ongoing* investigation.

H. The defendants object to evidence or argument relating to the date that Starrh hired its attorneys, the circumstances surrounding the hiring of its attorneys, or instructions, suggestions, or recommendations which it received from its attorneys. This apparently refers to the August 10 meeting between the parties involving Susan Mulligan: the plaintiff represents that

> [d]irectly relevant in this case are misrepresentations Starrh made about its relationship with a California licensed attorney, Susan Mulligan. Ms. Mulligan made a recording of a meeting between all parties, which was produced in discovery. At that meeting, Ms. Mulligan misrepresented herself to be Starrh's attorney, and stated that all subsequent communications between the parties had to go through her. Starrh has now admitted this falsehood. It is directly relevant to the heart of this case. Starrh was interfering with the contract between the parties and was using a California attorney to assist them in their acts of fraud, tortious interference, and other violations of law. That meeting and Starrh's relationship with Ms. Mulligan are critically relevant to Starrh's claims regarding McDonald Apiary's supposed failure to communicate with Starrh directly.

Filing 217 at 9-10. The Court agrees that the August 10 meeting is relevant. The defendants' motion in limine will be denied on this issue. The testimony presented at trial will be governed by Fed. R. Evid. 403.

I. The defendants object to the presentation of information relating to damages that has not been disclosed. The Court cannot address whether evidence was properly disclosed without knowing what that evidence might be. So, the defendants' motion in limine will be denied on this issue at this point in time.

J. Finally, the defendants object to any reference to the possible testimony of witnesses who are absent or unavailable. Essentially, the defendants seek to preclude hearsay. But the Court cannot consider whether

any evidence is hearsay, or subject to any hearsay objection, without hearing the evidence. So, the defendants' motion in limine is denied on this issue at this point.

### THE PLAINTIFF'S MOTIONS

The plaintiff's three motions in limine address several of the defendants' affirmative defenses, their exhibits, and Starrh Bees' tort claims. As the Court understands the issues presented, however, they do not address the presentation of evidence: that is, there is no evidence that would be made admissible, or inadmissible, by accepting or rejecting the arguments made by the plaintiff. The evidence will be the same regardless.

So, the Court will deny the plaintiffs' motions in limine. The issues raised by the plaintiff will be considered in the course of deciding which claims should be submitted to the jury, and how the jury will be instructed.

IT IS ORDERED:

1.  The defendants' motion in limine (filing 199) is granted in part and denied in part, as set forth above.

2.  The plaintiff's motion in limine regarding exhibits (filing 204) is denied.

3.  The plaintiff's motion in limine regarding Starrh Bees' tort claims (filing 206) is denied.

4.  The plaintiff's motion in limine regarding Starrh's affirmative defenses (filing 209) is denied.

Dated this 1st day of December, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -